UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE CORLEY, | 1: 08-cv-0544 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 14] |
| M. KNOWLES, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On November 17, 2005, Petitioner was convicted in Stanislaus County Superior Court of sale of a controlled substance and possession of marijuana in jail. The court sentenced Petitioner to serve a determinate state prison term of 13 years.

Petitioner filed a direct appeal. On March 20, 2006, the California Court of Appeal, Fifth

1  Appellate District ("Court of Appeal"), dismissed the appeal. Petitioner did not seek review in the
2  California Supreme Court.

3      Petitioner subsequently filed one pro se petition for writ of habeas corpus in the California
4  Supreme Court on June 21, 2007. The court denied the petition on December 19, 2007, citing In re
5  Swain, 34 Cal.2d 300, 304 (1949) and In re Duvall, 9 Cal.4th 464, 474 (1995).

6      Petitioner filed the present action on April 7, 2008.

## LEGAL STANDARD

JURISDICTION

    Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his state judicial remedies. Petitioner has not opposed or otherwise responded to the motion.

Procedural Basis for Motion to Dismiss

3

1	Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
2	petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
3	Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5
4	of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be
5	raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."
6	The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to
7	dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915
8	F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533
9	F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and
10	case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule
11	4.

12	Exhaustion of State Judicial Remedies

13	A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
14	petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
15	exhaustion doctrine is based on comity to the state court and gives the state court the initial
16	opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
17	U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
18	1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

19	A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
20	full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
21	Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
22	1996). A federal court will find that the highest state court was given a full and fair opportunity to
23	hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
24	basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
25	Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
26	must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
27	513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For

28

example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, the grounds for relief Petitioner presented to the California Supreme Court are the following: 1) judicial errors; 2) prosecutorial misconduct; and 3) ineffective assistance of counsel. Petitioner raises the following single ground in the present petition: "[t]he trial court erred, committing prejudicial error when it imposed the upper term sentence based on facts not presented to a jury, thus violating the petitioner's right to jury trial."[1] Petitioner's claims were denied by the California Supreme Court with citations to In re Swain and In re Duvall. Both of these cases are cited by the Supreme Court of California to indicate that claims were not alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed state petition and state judicial remedies therefore are not considered exhausted. See, Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986); see also McQuown v. McCartney, 795 F.2d 807, 808 n 1, 809 (9th Cir1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974).

The petition for writ of habeas corpus currently before this court contains only one claim and that claim is unexhausted. Because Respondent has moved for dismissal and the petition contains no exhausted claims, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately. See, Jiminez v. Rice, 276 F.3d 478 (9th Cir.2001).

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot

---

[1] Petitioner also filed a federal habeas corpus petition in case number 1:08-cv-0266-AWI-TAG HC. on February 7, 2008. The claims raised in 08-0266 are identical to those raised in the California Supreme Court petition.

proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) this petition for writ of habeas corpus is DISMISSED for failure to exhaust state judicial remedies;

3) a certificate of appealability is DENIED; and

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:  January 12, 2009**            /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE